IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jimmy Shane Gable, ) | |
| ) | Civil Action No. 8:07-3138-CMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Captain Garry Bryant, Nurse ) | |
| Wally Hampton, Nurse Karen, ) | |
| Black, Nurse Harvey, Nurse ) | |
| Langston, Officer Hill, Officer ) | |
| Culbertson, Joey Preston, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion for summary judgment (Dkt. # 38.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on September 12, 2007, seeking damages for alleged civil rights violations.[1] On February 19, 2008, the defendants filed a motion for summary judgment. By order filed February 20, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure

---

[1] As there was no date stamped on the envelope from the prison mailroom, this date reflects the date when the complaint was signed. (Compl. at 5.) *See Houston v. Lack,* 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

and the possible consequences if he failed to adequately respond to the motion.[2]   On March 14, 2008, the plaintiff filed a response opposing the defendants' summary judgment motion.

**FACTS**

The plaintiff alleges that on July 12, 2007, while the defendant Officer Culbertson was pulling inmates for visitation, he closed a door on the plaintiff's arm causing pain and swelling. (Compl. at 3.) He states that the defendant Nurse Harvey examined him and he was given a bag of ice for the swelling. (*Id.*) He alleges he was told he could not receive any more treatment until the next day.

The next morning, the plaintiff states he told the nurse, Karen Black, that his arm had been injured and she responded, "What do you want me to do about it?" (*Id.*) He then alleges he filled out a medical request and gave it to Officer Hill who turned it over to Nurse Langston. (*Id.*) He states that a couple of hours later, he was taken to the emergency room. (*Id.*)

The plaintiff states that the emergency room personnel told him he had deep contusions and gave him an arm brace, and a prescription for a pain reliever to take every four to six hours and told him to elevate his arm and keep ice on it. (*Id.*) He alleges he did not get the medication for forty-eight hours and he was not given any ice. Further, he alleges he requested that he be given a bottom bunk, but his request was ignored and he had to climb to the top bunk with an injured arm. (*Id.*) He alleges that his arm still hurts and is numb "and the doctor just gives me medication for pain instead of letting someone

---

[2]The *Roseboro* order was returned as undeliverable. (Dkt. # 42.) In any event, as noted, the plaintiff timely filed a response to the defendants' summary judgment motion and a change of address. (Dkt. # 44 and 45.)

look at it and fixing it because of the negligence and improper training and outdated equipment." (Compl. at 4.)

He also alleges he was denied medication for his mental condition for over sixty days. He states that after these medications were finally prescribed, the prescription was not filled for another eight days. (*Id.*)

He alleges he is in a very overcrowded environment with cells made for twelve inmates housing twenty or more inmates. (*Id.*) He states the cells have poor ventilation and a strong urine odor, the showers are filthy, the bathrooms have mildew on the ceiling and walls, and there are many cases of staph infections. He alleges he gets recreation time only once very two weeks due to poor staffing. Finally, he alleges he has no access to a law library. (*Id.*)

He is seeking to have his wrist properly treated and compensation for the pain and mental anguish he has experienced "due to the negligence of the entire staff." (Compl. at 5.) He also wants the ACDC visited by a higher authority and to have all of the wrongdoings righted so that other inmates in the future do not have to endure the negligence, filth, denial of access to a law library, and denial of medical attention in a timely manner. (*Id.*)

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is

3

deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**[3]

---

[3] In his memorandum opposing summary judgment, the plaintiff states that the defendants did not timely file their summary judgment motion. (Pl.'s Mem. Opp. Summ. J. Mot. at ¶ 6.) The defendants filed their motion on February 19, 2008. On January 23, 2008, the defendants were granted an extension of time to file dispositive motions until February 18, 2008. The time for filing includes the last day "unless it is a Saturday, Sunday, (or) legal holiday. . . ." Fed. R. Civ. P. 6(a)(3). "When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible. " *Id.* February 18, 2008, was a legal holiday, Washington's Birthday. Fed. R. Civ. P. 6(a) (4). Therefore, the defendants timely filed this motion on the next day, February 19th.

**Injunctive Relief**

The plaintiff is seeking injunctive relief in the form of an order requiring that his wrist properly be treated, the ACDC be inspected by a higher authority, and improper wrongdoings be corrected to safeguard future inmates. The plaintiff was released from the ACDC on February 12, 2008, and appears to be living in Missouri now. Because the plaintiff has been released from ACDC, the plaintiff's claims for injunctive relief are now moot. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 249 (4th Cir. 2005)(holding portion of civil rights complaint seeking injunctive relief for jail's practice of charging housing fee rendered moot by detainee's release). *See also Scurry v. Middleton*, 2007 WL 1068248 at *3 (D.S.C. April 2, 2007) (holding upon the plaintiff's release from the detention center, the plaintiff's request for injunctive and/or declaratory relief was moot).

Additionally, the plaintiff cannot act on behalf of other inmates as he lacks standing to litigate their claims. *See Inmates v. Sheriff Owens*, 561 F.2d 560, 562-563 (4th Cir.1977) (one pro se inmate does not have standing to sue on behalf of another inmate). *See also Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton,* 657 F.2d 621, 625-626 (4th Cir.1981) (a prisoner cannot act as a "knight-errant" for others). Accordingly, the plaintiff's claims relating to other inmates should be dismissed due to lack of standing.

**Denial of Medical Care Claim**

The plaintiff contends he was denied medical care while at the ACDC. The defendants argue that the plaintiff has failed to state a claim of deliberate indifference to medical needs. The undersigned agrees.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical

service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard. In *Miltier v. Beorn,* the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." 896 F.2d 848, 851 (4th Cir.1990). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). The type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F.Supp. 326 (S.D.Ga.1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*,

528 F.2d 318, 319 (4th Cir.1975). Incorrect medical treatment, such as an incorrect diagnosis, is not actionable under 42 U.S.C. § 1983. *Miltier*, 896 F.2d at 851.

On July 12, 2007, the plaintiff's arm was caught in a prison door as it was being closed. The plaintiff was seen by the ACDC medical staff that day. The next day, he was transported to the Anderson Area Medical Center emergency room where his wrist was x-rayed and he was treated and released. (Defs.' Mem. Supp. Summ. J. Mot. Attach. 3 - Donald Hampton Aff. ¶ 3 & Ex. A.) The x-rays were normal and the plaintiff was prescribed Ibuprofen and Ultracet. (*Id.*) On July 16th, these medications were dispensed by the ACDC. (Defs.' Mem. Supp. Summ. J. Mot. Attach. 3 - Donald Hampton Aff. ¶ 4.) The plaintiff requested follow-up visits and he was seen by ACDC medical personnel on July 28th and 30th. (*Id.* at ¶ 5 & Ex. B.) He was prescribed Ibuprofen and Naproxen. (*Id.*)

The records indicate the plaintiff received medical treatment for the injury to his wrist. Simply because the plaintiff disagrees with the medical treatment rendered does not mean his constitutional rights were violated. *See Wright v. Collins,* 766 F.2d. 841 (4th Cir. 1985). At best, the plaintiff may have experienced a delay in receiving his prescribed medications. However, "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir.1994). As stated above, a medical need is serious if a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. at 1037. The plaintiff has failed to establish, or even allege, how any such delay in his treatment resulted in a detrimental effect or has caused him a life-long handicap or permanent loss.

Additionally, in his complaint, the plaintiff makes several general allegations about the conditions at the ACDC being unsanitary and the delay in receiving mental health

treatment. However, the plaintiff does not allege any injuries related to these claims. Based on the foregoing, the plaintiff's medical indifference claims should be dismissed.

**Denial of Access Claims**

The plaintiff also alleges that while he was in the ACDC, he was denied access to a law library and legal materials.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the United States Supreme Court held prisoners have an absolute right to access to the courts, both to allow them to attack their convictions and to file other lawsuits. *Bounds*, however, merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353-54.

First, the undersigned notes that the Fourth Circuit has ruled that the United States Constitution does not require every local jail to even have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987); *Barr v. Williamsburg County*, 2007 WL 666793, at *3 (D.S.C. 2007)(holding "county jails and county detention centers are not required to have law libraries."). "[T]he brevity of confinement does not permit sufficient time for prisoners to petition the courts." *Magee,* 810 F.2d at 452.

Furthermore, here, the plaintiff does not allege an actual injury in regard to his alleged denial of access claim. Absent an actual injury resulting from official conduct, the

8

plaintiff has failed to state such a claim. *Cochran*, 73 F.3d at 1317 (holding dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury). Additionally, none of the allegations relating to this claim refer to any of the named defendants. Therefore, the defendants' motion for summary judgment should be granted on this claim.

**Eleventh Amendment Immunity**

The defendants contend that to the extent that the defendants are sued in their official capacities, they are not subject to suit. The undersigned agrees.

"A suit against a state official in her official capacity . . . should be treated as a suit against the State." *Hafer v. Melo*, 116 L.E.2d 301, 309 (1991). The Court stated that "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 309 (quoting *Kentucky v. Graham,* 473 U.S. 159 (1985) (further citation omitted)). A defendant in an official capacity action is entitled to the immunities which the governmental entity possesses. Based on the Supreme Court's ruling in *Hafer*, the action against the defendants should be dismissed to the extent that they are sued in their official capacities.

**Supervisory Liability**

The defendants argue that to the extent that the plaintiff alleges that the defendants Preston and Bryant are subject to supervisory liability, such allegations fail as a matter of law. The undersigned agrees.

The plaintiff has failed to allege that either of these defendants committed any specific act. "It is well-settled that '[i]n order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.' " *Davis v. D.S.S. of Baltimore Cty.*, 941 F.2d 1206 (4th Cir.1991)

9

(unpublished)(*quoting Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985). The plaintiff's complaint alleges no personal involvement on the part of these defendants.

"Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir.); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). The plaintiff merely makes conclusory allegations that these defendants are responsible for the conditions of his confinement.

Further, the plaintiff has also failed to establish that there was a policy or custom that caused him any injury. *See Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977). The plaintiff has failed to allege facts which would support a finding the defendants Bryant and Preston liable as supervisors. Accordingly, the plaintiff's claims against these defendants should be dismissed.

**Failure to Respond to Grievances**

The plaintiff also alleges the defendants failed to timely respond to his grievances. The defendants contend the plaintiff has failed to state a claim based upon this allegation. The undersigned agrees.

Even assuming the defendants did not timely respond to the plaintiff's grievances, the failure of the defendants to timely respond is not sufficient to hold an official liable in a civil rights action. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138

(1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (holding prison official's failure to comply with state's grievance procedure is not actionable under § 1983 ). *See also Doans v. Rice*, 831 F.2d 1057 (4th cir. 1987) (unpublished). Thus, even if the defendants failed to timely respond to, or process the plaintiff's grievances, the plaintiff has not stated a constitutional claim.

**Qualified Immunity**

The defendants also raise the defense of qualified immunity. Qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992). However, because there is no evidence that any specific right of the plaintiff was violated, it is unnecessary for this Court to address the qualified immunity defense. *See Porterfield v. Lott,* 156 F.3d 563, 567(4th Cir.1998) (when the court determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist.").

**State Law Claims**

To the extent that the plaintiff states additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

11

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 38) be GRANTED


IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

May 27, 2008
Greenville, South Carolina


**The plaintiff's attention is directed to the important notice on the next page.**